| | | |
|---|---|---|
| HARRY EDWARDS<br>35088 Tingle Road<br>Willards, MD 21874 | * <br> <br>* | |
| Plaintiff | * | IN THE |
| | * | CIRCUIT COURT |
| v. | • | FOR |
| STATE RETIREMENT AND PENSION<br>SYSTEM OF MARYLAND<br>120 East Baltimore Street, 14th Floor<br>Baltimore, MD 21201 | *<br><br>* | BALTIMORE COUNTY |
| Serve on Deborah Bacharach | * | |
| MARYLAND STATE POLICE<br>120 Reisterstown Road<br>Pikesville, MD 21208 | *<br><br>* | Case No.: |
| Serve on Col. Thomas Hutchins | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

RECEIVED AND FILED  '06 JUL 27 PM 3:22  CLERK OF THE CIRCUIT COURT BALTIMORE COUNTY

## COMPLAINT

Plaintiff, Harry Edwards, by his attorneys Michael Marshall and Schlachman, Belsky & Weiner, P.A., files this Complaint of employment discrimination pursuant to Md. Code Ann. Art. 49B, § 16(g).

## PARTIES

1. Plaintiff Harry Edwards is a fifty-four year-old male citizen of the United States residing in Willards, Maryland. At all times relevant hereto Edwards was employed

1

by the Defendant Maryland State Police.

2. The Defendant, Maryland State Police is, and has at all times referred to herein, been an employer in the State of Maryland engaging in an industry affecting commerce and employing more than fifteen regular employees with its headquarters in Baltimore County.

3. The Defendant, State Retirement and Pension System of Maryland is responsible for making final decisions regarding the retirement policies and procedures for employees of the Maryland State Police.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Edwards filed a timely charge of discrimination with the Baltimore District Office of the United States Employment Opportunity Commission ("EEOC") (Charge No. 120-2005-05488).

5. On April 28, 2006 the EEOC notified Edwards that his file had been closed. The EEOC stated that it found reasonable cause to believe that violations of the statute occurred but it was unable to obtain a settlement with the Defendants that would provide relief for Edwards.

## COMPLAINT

6. Edwards began his career with the Maryland State Police as a Trooper in 1973. Currently, Edwards is employed as a Sergeant with thirty-three years of service.

7. On July 1, 2004, Edwards was fifty-three years-old with thirty-one

years of service. At that time, Edwards requested inclusion in Defendants' Deferred Retirement Option Program ("DROP").

8.  On July 6, 2004, Edwards was informed by mail that he was ineligible to participate.

9.  In 2004, under DROP a member of the Maryland State Police could participate in the system if he or she was a member of the State Police Retirement System, had at least twenty-two and less than twenty-eight years of eligibility service and was less than sixty years old. Md. Code Ann. State Personnel and Pensions, § 24-401.1 (2000). Edwards had too many years of service to participate.

10. In November 2005, Edwards was entered into the DROP Program prospectively for a period of three years due to a special bill passed by the Maryland legislature.

11. Under the DROP special bill, a member of the Maryland State Police was now eligible to participate if: he or she was a member of the State Police Retirement System on July 1, 2005; was a member of the State Police Retirement System on or before July 1, 1999; had accrued more than twenty-four years of eligibility service as of July 1, 1999, preventing the member from participating in the DROP for four years; and is less than sixty years old. Md. Code Ann. State Personnel and Pensions, § 24-401.1 (2006).

12. Participants in this version of DROP elect to participate either prospectively or retroactively. Members can participate retroactively only if they are at least fifty-seven years old. Members of the Maryland State Police participating in DROP under the special

3

bill can only do so for up to three years. Other participants in DROP can participate for up to four years.

13. Md. Code Ann. Art. 49B, § 16(g) prohibits using an employee benefits plan such as a retirement system as a subterfuge to discriminate based on age. In this case, the DROP system discriminates against members of the State Police over the age of forty. Prior to 2004, any member of the Maryland State Police with over twenty-eight years of service was precluded from joining DROP. In order to have that many years of service, the Maryland State Police member would be at least forty-six years old. Thus, the older members of the Maryland State Police could not receive the benefits of DROP.

14. Members of the Maryland State Police who participate in DROP under the special bill can now participate but do not receive the full benefits of the system. Members eligible under the special bill cannot participate for four years. Younger employees are able to take advantage of the four year period, but older members can only participate for up to three years.

15. The actions of Defendants described herein were discriminatory against Edwards and therefore constitute violations of his state-protected rights under Md. Code Ann. Art. 49B, § 16(g).

WHEREFORE, Edwards requests the following relief:

A. That this Court declare Md. Code Ann. State Personnel and Pensions, § 24-401.1 (2006) illegal and discriminatory;

B. That this Court award Edwards back retirement pay as if he had been able to

participate in DROP for four years;

    C.    That this Court award Edwards reasonable attorney fees;

    D.    That this Court award Edwards such other and further relief as it deems appropriate.



_____
Michael Marshall
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 685-2022

Attorneys for Plaintiff